## In re MICHAEL'S CAFETERIA.

### No. 6528.

District Court, W. D. Louisiana, Shreveport Division.

April 22, 1943.

M. E. Lafargue and J. A. Patin, both of Shreveport, La., for the Government.

N. B. Carstarphen, of Shreveport, La., for bankrupt.

Cook, Lee, Clark & Egan, of Shreveport, La., for Ardis Bldg. Co.

DAWKINS, District Judge.

This is a petition to review the ruling of the referee, holding the claim of the landlord for rent superior to that of the Government for unemployment or social security taxes.

The facts are undisputed. The assets consisted of furniture and fixtures of a cafeteria, which have been reduced to cash amounting to $6500.00. This is not enough to pay the landlord's claim in full and the issue therefore is as to whether the Government is entitled to participate in the funds.

It is admitted in brief, by counsel for the Government that the "claim of the Government has not been recorded so as to operate as a lien, and there has been no filing of notice of lien".

Applicable provisions of the Bankruptcy Act are Sections 64 and 67. Section 64, T. 11 § 104, U.S.C.A., deals with priorities, and governs where there are no recognized liens under the state law; whereas Section 67, subsection c, T. 11 U.S.C.A. § 107, sub. c. applies to lien claims to the extent and in the manner therein provided. Inasmuch, admittedly, as the landlord has a valid lien under the state law and the Government has none, we are concerned primarily with the provisions of Section 67, subsection c thereof is as follows:

"Where not enforced by sale before the filing of a petition in bankruptcy or of an original petition under chapter 10, 11, 12, or 13 of this title, though valid under subdivision b of this section, statutory liens, including liens for taxes or debts owing to the United States or to any State or subdivision thereof, on personal property not accompanied by possession of such property, and liens whether statutory or not, of distress for rent shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision a of section 104 of this title, and, except as against other liens, such liens for wages or for rent shall be restricted in the amount of their

payment to the same extent as provided for wages and rent respectively in subdivision a of section 104 of this title."

 It will be noted that this section restricts the amount of claims for wages and for rent to the sums which had "accrued within three months before the date of bankruptcy", as provided in Section 64, subsection a(2) and (5) "except as against other liens * * *". In other words, if there are other recognized liens, then those for wages and rent do not have to give way to the benefit of these preferred classes of such other liens as to allow the latter to participate. It so happens in the present case that there is no petition to review by the Commercial National Bank the ruling of the referee, which eliminated its claim from participation in the funds. The claim of this bank was secured by chattel mortgage, which was not timely recorded to protect it from the landlord's lien; at the same time it did prime the claim of the Government for taxes, which, because of failure to record and to serve notice, did not operate as a lien upon the assets of the bankrupt. The question therefore is, as to whether, because of the bank's claim for $1,400 coming next after that of the lessor, this should enable the latter to claim the whole fund, in order to prevent the bank from competing with it for payment. It seems reasonably clear that the purpose of the provision was to protect the lien holders against deprivation of their preferred status to the extent of others holding junior liens, and not to enable the superior lienholder to consume the whole fund to the prejudice of other creditors merely because of a small claim or claims secured by junior liens which amount to less than enough to absorb the remainder. If there had been no inferior lien in favor of the bank, the landlord, by the express provisions of Section 67, would have been restricted to three months' rent, as against other creditors, in the order of their priority under Section 64, in which taxes are ranked fourth while rent claims are classed in the fifth order with "debts owing to any person, including the United States, who by the laws of the United States in [is] entitled to priority * * *". Section 67, sub. c, but for the clause "except as against other liens", would read in its pertinent parts as follows: "* * * and liens whether statutory or not, of distress for rent shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision a of section 104 of this title, and, * * * such liens for wages or for rent shall be restricted in the amount of their payment to the same extent as provided for wages and rent respectively in subdivision a of section 104 of this title."

 The omitted clause "except as against other liens" can be made to apply by allowing the landlord to recover the three months' rent, plus the $1,400 with interest, etc., which would otherwise go to the bank, and then permitting the Government to receive its taxes under the fourth rank of Section 64 since there are no claims in classes 2 and 3 of the latter section. The landlord's claim for the balance, after paying the Government, will have priority over the bank under the rank of No. 5 of Section 64 since the loss of its lien to the former will have the effect of putting it in the category of an ordinary creditor. This is exactly the position it occupies as a result of the ruling of the referee but the conclusion announced in this opinion prevents the landlord from profiting to the extent of consuming the entire fund to the prejudice of the Government 'which it could not do but for the existence of this comparatively small claim of the bank. This principle can be made to apply to any case where there are liens of lesser rank which are not sufficient to consume the residue of the funds after allowing the landlord his three months priority under section 64.

It follows that the judgment of the referee should be modified by allowing the landlord to recover three months rent at $600 per month, or $1,800 plus $1,400 representing the bank's claim, while the Government should next receive the amount of its taxes and the landlord should be awarded the balance.

Proper decree should be presented.